**Electronically Filed
Supreme Court
SCWC-11-0000151
13-NOV-2014
07:51 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY,
Respondent/Plaintiff-Appellee,

vs.

RALPH MITCHELL, Petitioner/Defendant-Appellant.
_____

SCWC-11-0000151

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000151; CIV. NO. 10-1-1871-08)

NOVEMBER 13, 2014

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.  Introduction

We have accepted certiorari in this case to vacate the ICA's judgment on appeal and to remand an award of attorneys' fees and costs to the Circuit Court of the First Circuit ("circuit court").  We hold that, on remand, the circuit court shall determine whether Hawai'i Revised Statutes ("HRS") § 514B-161(a) (Supp. 2009) applies in this case.  Further, if

the statute applies, the circuit court should make a finding, on the record, as to whether the Association of Apartment Owners of Discovery Bay ("AOAO") refused to mediate this dispute, and if so, the circuit court should take into consideration such refusal in determining whether to award attorneys' fees and costs.  We also hold that, on remand, the circuit court shall determine whether four time entries were correctly billed to the instant matter.

## II.  Background

On August 30, 2010, the AOAO filed a complaint against Ralph Mitchell, a condominium owner in the AOAO, for declaratory and injunctive relief.  The Complaint alleged that on August 11, 2010, Mitchell submitted a petition to the AOAO to conduct a special meeting of the AOAO to remove one or more of the AOAO Board members.  The AOAO alleged that the petition did not contain at least 25% of the owners' signatures, contrary to the requirements of HRS § 514B-121(b) (Supp. 2008).  According to the AOAO, Mitchell insisted that he intended to hold a special meeting anyway.  Therefore, the AOAO prayed for declaratory relief in the form of an order finding that because Mitchell did not have the requisite percentage of owner signatures on his petition, there was no basis for conducting a special meeting. The AOAO also alleged that Mitchell was obtaining signatures via misrepresentation, so the AOAO also sought to enjoin this

conduct.  After Mitchell failed to answer the Complaint, the circuit court[1] entered a default against him.

The AOAO then filed a Motion for Summary Judgment ("MSJ").  Attached to the motion was a spreadsheet prepared by the AOAO's property manager showing that, when the names of non-owners were removed from Mitchell's petition, he had only 24.1029% of the owners' signatures on the petition.  The AOAO also attached an updated spreadsheet showing that even fewer owners (23.7619%) were interested in holding a special meeting, as many owners had withdrawn their names from Mitchell's petition.  Therefore, the AOAO argued that no genuine issue of material fact existed regarding whether Mitchell had the requisite 25% of owners' signatures on his petition, and the AOAO was entitled to judgment as a matter of law.  The AOAO also reserved its right to file a motion seeking attorney's fees and costs for having to file the MSJ.  The circuit court granted the AOAO's MSJ.

Mitchell then submitted his Motion for Reconsideration of the circuit court's order granting the AOAO's MSJ.  Mitchell asserted that he obtained 34.2969% of owners' signatures on his petition, attaching his list of owners and their ownership percentages.  Mitchell also stated he sought to mediate the dispute in September 2010, but the AOAO did not respond to his request and, instead, "plowed ahead with this litigation."

---

[1]    The Honorable Patrick W. Border presided.

Mitchell requested that the circuit court set aside its order granting the AOAO's MSJ and stay the case to allow the parties to mediate the dispute.  The circuit court denied the motion.

The AOAO then filed a motion seeking $14,332.42 in fees and costs under HRS § 514B-157(a) and (b) (2006), which provide, in relevant part, the following (with emphases added):

> **Attorneys' fees, delinquent assessments, and expenses of enforcement.**  (a)  All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for: . . . .
>> (3)  Enforcing any provision of the declaration, bylaws, house rules, and this chapter, or the rules of the real estate commission;
>
> against an owner, occupant, tenant, employee of an owner, or any other person who may in any manner use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the claims upon which the association takes any action are not substantiated, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall be promptly paid on demand to such person or persons by the association.
>
> (b)  . . . If any claim by an owner is not substantiated in any court action against an association, any of its officers or directors, or its board to enforce any provision of the declaration, bylaws, house rules, or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by an association shall be awarded to the association, unless before filing the action in court the owner has first submitted the claim to mediation, or to arbitration under subpart D, and made a good faith effort to resolve the dispute under any of those procedures.

Mitchell filed an Opposition to the AOAO's fees and costs motion.  Mitchell argued that the AOAO "should be estopped from seeking fees and costs, for they violated HRS § 514B-161 by refusing to respond to Mitchell's request to mediate the issues raised in this case."  At the time this litigation commenced, HRS § 514B-161(a) provided the following:

4

> If a unit owner or the board of directors requests mediation of a dispute involving the interpretation or enforcement of the association's declaration, bylaws or house rules, or a matter involving part VI, the other party in the dispute shall be required to participate in mediation.  Each party shall be wholly responsible for its own costs of participating in mediation, unless at the end of the mediation process, both parties agree that one party shall pay all or a specified portion of the mediation costs.  <u>If a unit owner or the board of directors refuses to participate in the mediation of a particular dispute, a court may take this refusal into consideration when awarding expenses, costs, and attorneys' fees</u>.

(Emphasis added.)  According to Mitchell, he requested mediation in early September 2010, which meant that "any prospect of his calling a special meeting on his own[] was off the table."  To support his statement, he appended a communication from the Mediation Center of the Pacific, Inc., which had scheduled mediation for September 27, 2010.  He thus blamed the AOAO for deciding to litigate, and sought to have the AOAO bear its own fees and costs for its decision.

Mitchell also objected to the following four time entries as "hav[ing] absolutely no bearing on this case":

| 9/22/2010 | TMR | Review and respond to emails re scam of Japanese tourists at Discovery Bay | 0.20 hrs |
| 9/23/2010 | TMR | Review and respond to emails re discovery matter | 0.30 hrs |
| 11/01/2010 | CPM | Tele conf with Turman re subpoena in Itagaki case | 0.20 hrs |
| 11/18/2010 | MHB | Review and organize facts re drug arrest, hiding of assets, asset seizure and forfeiture, federal indictment | 0.40 hrs |

The AOAO's Reply did not address the four time entries Mitchell challenged.  The AOAO did, however, point out that HRS § 514B-161(a) allows a court to "take [a refusal to participate

5

in the mediation of a particular dispute] into consideration when awarding fees and costs," but does not preclude an award of fees altogether.

At a hearing on the motion, the circuit court granted the AOAO's motion for attorney's fees and costs in the reduced amount of $10,730.92, after determining that a reasonable attorney billing rate was $150.00 per hour (versus the range of $185-250 requested by the AOAO), and after cutting hours billed for tasks that the circuit court did not consider to be complex. The circuit court explained its reasoning as follows:

> THE COURT: Mr. Perez-Mesa, I looked at the -- I looked at the bill and there's several things that I noted from it. The temporary restraining order if I look at the cost bill is said to have undergone several revisions and to have taken 11.1 hours to prepare. That amount of time seems excessive in light of the fact that the particular type of work that's involved is fairly mainstream and not a very exotic form, so I would allow 5 hours of billing to prepare the document.
>     There were in e-mails a total of 5.2 hours of examining e-mails, which if billed at the top rate would be for $1,300. The e-mails would seem to be for the most part unnecessary, particularly in light of the fact that there were significant billings, in fact, 7.3 hours for the time spent with John Morris. And I know that he has some input because he advises the board on their procedural matters and so some contact with Mr. Morris would be appropriate, but I would ask that you adjust the bill by taking into account that the total number of hours for the bill would be -- that would be allowable would be 5 hours for the preparation of the TRO paperwork; that the bill would not include the time spent on the e-mails; and that the total amount of time that would be allowable for Mr. Morris in consultation with him would be 3 hours.
>     The -- because I take a look at the complexity, the relative complexity of the work and I don't doubt that on certain types of work that the things that are perhaps at the cutting edge of litigation, but the top billing rate for both you and Mr. Revere would be somewhat higher. I think the amounts that I would allow, which is $150 per hour, is appropriate to the type of work that is involved here. So would you please adjust the bill. When it is

submitted I will sign it and the motion for –- and also the incidental expenses are okay.

MR. PEREZ-MESA:  Your Honor, if we can summarize just so I'm clear, so 5 hours is okay for the TRO, the meeting with John Morris –-

THE COURT:  Three hours for live meeting with John Morris at that billing rate.  Please remove the e-mails.  I just think those are probably –- I recognize there's a certain amount of getting up to speed on it.  I wouldn't bill him for the learning curve if you follow what I'm getting at.

The circuit court did not address the four time entries Mitchell challenged.  The circuit court also did not address Mitchell's argument that the AOAO should be estopped pursuant to HRS § 514B-161 from seeking fees and costs for refusing to respond to his request to mediate the issues in the case.  The circuit court entered Final Judgment, and Mitchell timely appealed.

**B.  The ICA Appeal**

On appeal, Mitchell again argued that the AOAO's refusal to mediate the dispute precluded it from an entitlement of any fees and costs under HRS § 514B-161(a).  Mitchell again challenged the four time entries.  The AOAO did not address Mitchell's argument that its refusal to mediate precluded an award of fees and costs under HRS § 514B-161, nor did it address the four time entries.

While Mitchell's appeal was pending before the ICA, he sold his Discovery Bay condominium unit.  Although the issue of whether Mitchell obtained the requisite twenty-five percent of owners' signature for the special meeting thus became moot, the

ICA went on to determine the question of attorneys' fees and costs, which is "ancillary to the underlying action and survives independently under the Court's equitable jurisdiction."  Ass'n of Apartment Owners of Discovery Bay v. Mitchell, CAAP-11-0000151 (App. Feb. 24, 2014) (SDO) at 2-3 (citing Queen Emma Found. v. Tatibouet, 123 Hawaiʻi 500, 508, 510, 236 P.3d 1236, 1244, 1246 (App. 2010)).  The ICA then determined that the AOAO was the prevailing party in the underlying action, "without regard to whether [the ICA thought] the trial court's decision on the underlying merits [was] correct," because the AOAO had been granted its MSJ.  Mitchell, SDO at 4 (citing Tatibouet, 123 Hawaiʻi at 510, 236 P.3d at 1246).

As to Mitchell's contention that the AOAO's refusal to mediate should have precluded it from an award of attorney's fees and costs under HRS § 514B-161(a), the ICA stated that "such refusal may be taken into consideration in the award of attorneys fees and costs, but [the statute] does not mandate that it be considered."  Mitchell, SDO at 7.  As to Mitchell's challenge to the four time entries, the ICA concluded, "It is clear from the discussion the Circuit Court had with counsel that the Circuit Court carefully examined the invoices before adjusting the fee award."  Mitchell, SDO at 6.  Therefore, the ICA affirmed the circuit court's judgment.  Mitchell, SDO at 7.

It subsequently denied Mitchell's Motion for Reconsideration, which once again challenged the four time entries.

## III.  Standard of Review

"The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009) (citations and brackets omitted).  "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  In other words, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Maui Tomorrow v. Bd. of Land & Natural Res., 110 Hawai'i 234, 242, 131 P.3d 517, 525 (2006) (internal quotation marks, citations, and brackets omitted).

## IV.  Discussion

On certiorari, Mitchell challenges the ICA's affirmance of the fees and costs award as a matter of law, arguing that the AOAO's refusal to participate in mediation precluded it from receiving an award of fees and costs under HRS § 514B-161(a). HRS § 514B-161(a) contemplates a party's refusal to participate in mediation, and such refusal may impact a fees and costs award, but it does not preclude the same:  "If a party refuses

to participate in the mediation of a particular dispute, a court may take this refusal into consideration when awarding expenses, costs, and attorneys' fees."  While HRS § 514B-161(a) allows a court the discretion to take a party's refusal to mediate into consideration in awarding fees and costs, we cannot assume that the circuit court in this case exercised such discretion simply by virtue of having reduced the AOAO's fee award, because the hearing transcript is silent on the matter.  Mitchell expressly raised the applicability of the statute (albeit as a basis for precluding a fee award altogether).  Given the legislature's intent to encourage mediation of condominium disputes,[2] the circuit court should have addressed whether HRS § 514B-161(a) applied.  In doing so on remand, the circuit court should determine whether the AOAO refused to participate in mediation, and if so, the circuit court should consider, on the record,

---

[2]    From our review of the record on appeal, we assume (but do not decide) that Chapter 514B applies in this case.  In 2004, the legislature enacted Chapter 514B as a recodification of the Condominium Property Regime chapter (HRS Chapter 514A).  2004 Haw. Sess. Laws Act 164, at 755.  The 2004 legislature referred to the Hawaiʻi Real Estate Commission's December 31, 2003 Final Report to the Legislature as an "aid in understanding and interpreting" the Act that became Chapter 514B.  2004 Haw. Sess. Laws Act 164, at 755. That report, in turn, stressed the need for improved alternative dispute resolution in condominium communities, because "the 'mandatory' mediation provisions [of Chapter 514A] are essentially voluntary (with boards refusing to mediate or going through the motions to avoid the appearance of non-cooperation). . . ."  Hawaii Real Estate Commission, "Final Report to the Legislature, Recodification of Chapter 514A, Hawaii Revised Statutes (Condominium Property Regimes), in Response to Act 213, Section 4 (SLH 2000)," at 34.  In the instant case, Mitchell contends that the AOAO refused to mediate.  In passing HRS § 514B-161(a), the legislature encouraged the courts to take into consideration a refusal to participate in the mediation of a dispute when awarding attorneys' fees and costs.

such refusal in determining whether to award attorneys' fees and costs.

On certiorari, Mitchell also continues to challenge the four time entries as belonging to a different matter.  From what we are able to glean from the record on appeal, it is unclear how the four time entries are connected to the instant litigation.  Although Mitchell objected to the time entries before the circuit court, the AOAO's counsel never explained the four time entries in its reply in support of its motion for fees and costs, or at the hearing on that motion.  The circuit court, for its part, did not inquire about the four time entries at the hearing on the motion for fees and costs.  The ICA, for its part, assumed that the circuit court "carefully examined" the fee request, although the record seems to show otherwise, with respect to these four time entries.  <u>Mitchell</u>, SDO at 7.  It would appear that no court has yet to scrutinize the propriety of these four time entries.  We therefore remand this case to the circuit court to determine whether these four time entries were correctly included in the Mitchell matter.

## V.  Conclusion

We therefore vacate the ICA's judgment on appeal and remand this case to the circuit court.  On remand, the circuit court shall determine whether HRS § 514B-161(a) applies in this case.  If it does, the circuit court should determine whether the AOAO

refused to participate in mediation, and if so, the circuit court should consider, on the record, such refusal in determining whether to award attorneys' fees and costs. On remand, the circuit court shall also determine whether four time entries were correctly billed to the instant matter.

Lila Barbara Kanae
for petitioner

Terrance M. Revere and
Malia R. Nickison-Beazley
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

