**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000515
12-AUG-2021
07:57 AM
Dkt. 42 SO**

NO. CAAP-18-0000515

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ASSOCIATION OF APARTMENT OWNERS OF SUNCREST/
THE SHORES/LOMBARD WAY/AVALON, by and through
its Board of Directors, Plaintiff-Appellant,
v.
JAMES KATSUMI TANI, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CIVIL NO. 1RC151010227)


### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Association of Apartment Owners of Suncrest/The Shores/Lombard Way/Avalon (**AOAO**) appeals from **(1)** the **"Court Order"** granting AOAO's motion for default judgment entered by the District Court of the First Circuit, 'Ewa Division, on May 24, 2018; and **(2)** the **"Judgment"** entered by the district court on May 31, 2018.[1] For the reasons explained below, we vacate the Court Order and the Judgment in part and remand for further proceedings.

Defendant-Appellee James Katsumi **Tani** owned a condominium unit in Lombard Way. In 2012, Bank of America, N.A.

---

[1] The Honorable Hilary Benson Gangnes presided.

filed a circuit court foreclosure action against Tani.[2]  The AOAO was named as a defendant in the foreclosure action.

On November 12, 2015, the AOAO filed a verified complaint in district court alleging that Tani owed the AOAO $30,289.52 for maintenance fees, late charges, reserve assessments, and legal fees and costs.  Tani was served with the complaint.  He did not appear for the return date.  The district court orally entered a default judgment on December 17, 2015.[3]

The AOAO submitted a district court-form ex parte motion for default judgment to the district court on April 14, 2016.  On April 15, 2016, the district court struck the document and noted, in handwriting:

> (1) What were the publication costs for and a receipt of proof of payment is needed.  (2) The costs for filing fee, service fee and mileage should not be included as "other costs" as indicated in the instructions for the form.

On June 27, 2017, the AOAO submitted another form ex parte motion for default judgment.  On June 28, 2017, the district court again struck the document and noted, in handwriting:

> (1) Remove all Attorney's Fees and Costs relating to the Circuit Court Judicial Foreclosure #12-1-1841.  (2) Remove Attorney's Fees & Costs for Court Required revisions to the Ex Parte Motion for Default.  (3) Remove pretrial prep from May 2017, as it does not apply to this case.  (4) Remove Filing fee, Service fee, Mileage from other costs in Section II of #1DC02, it is accounted for elsewhere in the Motion & Judgment. (5) Publication costs require an invoice to recover.  (6) Explain what work is required to justify an additional $1800 in fees & $400 costs.

On April 9, 2018, the district court entered an order of dismissal pursuant to Rule 29 of the Rules of the District

---

[2]     We take judicial notice, pursuant to Rule 201 of the Hawaiʻi Rules of Evidence, of the filing of a complaint in <u>Bank of Am. NA v. Tani</u>, Civil No. 12-1-001841, Circuit Court of the First Circuit, State of Hawaiʻi.

[3]     The Honorable Michael K. Tanigawa presided.

Courts of the State of Hawaiʻi (**RDCSH**).[4]  The AOAO filed a timely motion to set aside the dismissal.  The district court granted the motion and set a deadline for filing a motion for entry of judgment.

On May 24, 2018, the AOAO filed a timely ex parte motion for default judgment.  The motion was supported by a declaration that stated:

> P.     Pursuant to the Project Documents and HRS § 514B-157, Defendant is responsible for common expenses in the amount of **$24,826.45**, which consist of the following:
>
>> – Maintenance Fees      $20,430.07
>> – Late Fees                       $3,289.44
>> – Reserve Assessments   $1,106.94
>
> Plaintiff is not collecting maintenance fees or other charges from Defendant after the conveyance of the Property pursuant to the Commissioner's Deed.
>
> Q.     Attached hereto as **Exhibit "8"** is a true and correct copy of the Defendant's Account Ledger, showing the common expenses that are due and owing to Plaintiff.
>
> R.     Plaintiff has also incurred attorneys' fees and costs in connection with its (1) previous efforts to collect the outstanding monthly assessments and other fees related to the Property in the amount of **$4,851.18**, (2) participation in the Lender's foreclosure action against Defendant in the amount of **$4,300.64**, and (3) collection of the amounts owed by Defendant in this Assumpsit action (including anticipated fees and costs) in the amount of **$11,280.62**.  See Declaration of Counsel.
>
> . . . .

---

[4]     RDCSH Rule 29 provides:

> **Rule 29.  DISMISSAL FOR WANT OF PROSECUTION IN DEFAULT CASES.**
>
> An action may be dismissed with prejudice sua sponte with written notice to the parties for want of prosecution where all defendants are in default and if the plaintiff fails to obtain entry of default or fails to apply for entry of judgment within 6 months after all defendants are in default.  Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

U.    Therefore, the total amount owed by Defendant to Plaintiff is **$43,523.85**[.[5]]

The Court Order was entered on May 24, 2018.  The district court reduced the requested total default judgment amount from $43,523.85 to $28,546.91.  The Judgment for $28,546.91 in favor of the AOAO and against Tani was entered on May 31, 2018.  This appeal followed.

The AOAO's opening brief states three points of error:[6]

**(1)**    The AOAO contends that the district court erred by striking the AOAO's first two ex parte motions for default judgment.  The district court explained, on the cover sheets striking the AOAO's motions, what information was needed to resubmit the documents.  The cover sheets instructed the AOAO to "Correct and return with this sheet[.]"  The district court filed the AOAO's third ex parte motion for default judgment.  The district court's rejections of the AOAO's first two documents is moot.

**(2)** and **(3)**   The AOAO contends that the district court erred by not awarding the full amount of attorney's fees and costs claimed by the AOAO: (a) to collect all outstanding monthly assessments and fees owed by Tani; and (b) incurred by the AOAO in Bank of America's foreclosure action.  "The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard."  Ass'n of Apartment Owners of Discovery Bay v. Mitchell, 134 Hawaiʻi 251, 254, 339 P.3d 1052, 1055 (2014) (citation omitted).

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  In other words, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of

---

[5]    The total amount requested includes $155 for filing fees, $157 for service fees, and $100 for anticipated postage, duplication, and recordation costs, less $2,147.04 for the six-month special assessment recovered in Bank of America's foreclosure action under HRS § 541B-146.

[6]    Tani did not file an answering brief.

> law or practice to the substantial detriment of a party litigant.

Id. (citation omitted).

The AOAO requested attorney's fees of $11,280.62 and costs of $412. Without explanation, the district court awarded attorney's fees of $5,555.50 and costs of $312. The record does not indicate why the district court did not award the full amount of attorney's fees and costs claimed by the AOAO, or how the district court calculated the amount of attorney's fees and costs it awarded.

We cannot determine, based on the record, whether or not the district court abused its discretion by awarding attorney's fees and costs to the AOAO in amounts less than those requested. We therefore vacate the portions of the Court Order and the Judgment awarding attorney's fees and costs, and remand this case to the district court. See AOAO Discovery Bay, 134 Hawaiʻi at 255, 339 P.3d at 1056. On remand, if the district court does not award attorney's fees and costs in the amounts requested by the AOAO, the district court should enter findings of fact and conclusions of law or otherwise explain why it is awarding attorney's fees and costs to the AOAO in less than the amounts requested, and why it disallowed specific amounts of attorney's fees or costs.

DATED: Honolulu, Hawaiʻi, August 12, 2021.

On the briefs:

R. Laree McGuire,
Taylor W. Gray,
for Plaintiff-Appellant.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

5